IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ADAM STREGE,**<br><br>Defendant. | Criminal No. 19-MJ-1000 (SCC-GLS) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Adam Strege's ("Strege") motion to expunge his criminal record, and the Government's response in opposition. Docket Nos. 135, 147. The matter was referred to the undersigned. Docket No. 137. After considering the parties' submissions and the applicable law, the undersigned recommends that Strege's motion to expunge the record at Docket No. 135 be **DENIED**.

**I.    Background**

On May 15, 2019, Strege was charged by criminal complaint and arrested for maliciously conveying false information concerning bomb threat in interstate commerce, 18 U.S.C. § 844(e). Docket Nos. 1-2. On May 16, 2019, Strege filed a motion requesting psychiatric evaluation, report, and treatment pursuant to 18 U.S.C. § 4241. Docket No. 3. The Court granted the motion and Strege was ordered to undergo a mental competency evaluation to determine whether he was competent to stand trial. Docket No. 9. On August 10, 2024, a competency hearing was held. Docket Nos. 107, 108, 110. The Court deemed Strege incompetent to stand trial. Defense counsel requested that the criminal complaint be dismissed. Id. On August 13, 2020, the Government filed a motion informing that it agreed with the decision of the Court to deem Strege incompetent and that there was no evidence that could lead the Government to believe that, if released, Strege posed a danger to the community. The Government stood by its ability to prove the criminal charges

beyond a reasonable doubt. Docket No. 111. On August 14, 2020, the Court entered judgment dismissing the case with prejudice pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure. Docket No. 115.

In his motion for expungement, Strege requests that all his records of arrest and criminal charges be destroyed because "FBI are 100% untruthful," "all [c]harges were dismissed in Adam case," and the "FBI [w]ebsites states that Adam being prosecuted in Puerto Rico Federal Court untruthful because all [c]harges were dismissed causes irreparable harm."[1] Docket No. 135 at pp. 1 ¶ 1; 2 ¶ 2. He further contends that "the 100% only reason he could not work was because of [p]olice [h]arrasment after filling the [l]awsuit attached to very first SSA Social Security application[.]" Id. at p. 7 ¶ 2. The accompanying documents are two letters sent by the Clerk of the Court of the United States Court of Appeals for the Tenth Circuit to the United States District Court for the District of Colorado regarding Strege's disability claim before the Social Security Administration. See Docket No. 135-1. The Government counters that Strege has not shown a violation of a well established statutory or constitutional right, and he has failed to establish that expungement will preserve a basic legal right. Docket No. 145.

## II.   Discussion

The word "expunge" refers to the physical destruction of information. United States v. Mala, 2009 WL 1586717, at *1 (D.P.R. May 28, 2009). "With respect to criminal records, expungement refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time." Id. Congress has provided for expungement in narrowly defined circumstances, such as when public records are inaccurate or in certain drug offense cases. See González-Reyes v. United States, 2009 WL 890486, at *1 (D.P.R. Mar. 30, 2009). Expungement is also allowed when arrests or prosecutions violate federal statutes or the U.S. Constitution. Id.

In United States v. Coloian, 480 F.3d 47 (1st Cir. 2007), relying on the court's ancillary jurisdiction, a defendant, who had been acquitted at trial for bribery and conspiracy to commit bribery, moved for the expungement of his records. Id. at p. 48. The District Court denied the petition. On appeal, the First Circuit discussed whether a district court has ancillary jurisdiction to adjudicate a motion to expunge criminal records when the request is anchored on equitable

---

[1] The Court has made best efforts to discern Defendant's arguments for expungement but some of Defendant's arguments are unintelligible. See Docket No. 135 pp. 1-13.

grounds.[2] The First Circuit explained that, per Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), federal courts' ancillary jurisdiction serves two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Coloian, 480 F.3d at 50 (citing Kokkonen, 511 U.S. at 379-80) (cleaned up)). As in Kokkonen, the First Circuit in Colonian found that the court lacked ancillary jurisdiction to entertain the request for expungement because the request was tangential to the prosecution of the bribery charges, and it was not necessary to vindicate judicial authority. Id. at 52 (the original claims brought before the district court "ha[d] nothing to do with the equitable grounds upon which Coloian seeks the expungement of his criminal record"). The First Circuit also reasoned that the existence and availability of the defendant's criminal records did not frustrate his acquittal. Id. The First Circuit thus concluded that the district court lacked jurisdiction to adjudicate the request for expungement as it was premised on equitable grounds.

    Strege is requesting expungement of his records on equitable grounds: the criminal case against him was dismissed because the charges "never occurred," the FBI was "100% untruthful," and the FBI lied when it posted on its website that it was prosecuting a case against Strege. Strege also relies on his inability to secure employment. Docket No. 135. But, per his submissions before the Court, that inability stems from an unrelated social security case. Docket No. 135 at p. 7 ¶ 2. See González-Reyes, 2009 WL 890486 (denying expungement requested on the grounds that criminal record affected ability to obtain employment). The expungement of the records of Strege's arrest and criminal charges is not "factually interdependent" on the matter that was initially before the Court— the criminal conduct or charges for maliciously conveying false information concerning bomb threat in interstate commerce in violation of 18 U.S.C. § 844(e). United States v. Cruz-García, 391 F.Supp.3d 180, 182 (D.P.R. July 17, 2019) (quoting Kokkonen, 511 U.S. at 380) (denying expungement as not being factually interdependent to the conspiracy allegations in the indictment). There is nothing in the record to suggest that Strege's arrest and the criminal charges filed against him were brought in violation of a legal right or the U.S. Constitution. The dismissal of the criminal charges against Strege was based on his incompetency

---

[2]     Equitable grounds are those "that rely only on notions of fairness and are divorced entirely from legal considerations." Coloian, 482 F.3d at p. 48 n.2.

to be tried rather than due to Government misconduct or an inability to prove Strege's guilt. Strege has not even alleged that his arrest records would be misused. See United States v. Schnitzer, 567 F.2d 536, 540 (2nd Cir. 1977) (denying expunction after finding that petitioner did not claim that his arrest records would be released or misused). Furthermore, Strege's request for expungement does not further the Court's ability "to function successfully." Kokkonen, 511 U.S. at 380.

### III. Conclusion

Strege has not identified a statutory basis for his request for expungement. Nor has he alleged that his arrest was the sole and direct result of an unconstitutional activity. Coloian, 480 F.3d at 50. District courts lack jurisdiction to grant expungement on equitable grounds. For the reasons discussed above, the undersigned recommends that Strege's motion for expungement at Docket No. 135 be **DENIED**.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 21st day of August 2024.

                                                    s/Giselle López-Soler
                                                    GISELLE LÓPEZ-SOLER
                                                    United States Magistrate Judge